IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEITH RONE,<br><br> Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; FNU AYNES, Health Service Administrator; KELSEY ORANGE, RN, KIMBERLY LEMONS, RDO; JENNIFER BRIESCH, RN; ANDREW MACKEY, RN; SPENCER ZEAVIN, MD; JESSINA GRAHAM, NP; THOMAS SCARANTINO, Warden; K. DEMELS, Asst. Health Service Admin.; H. KESSLER, SCR-RX; B. HAMILTON, RN; A. RUSSELL, PA; S. JOHSON, PA; FNU EGLESTON, RN; K. SHARRY, RN; D. JACKSON, RN; K. BURCHETT, RN; ROSEMARY STILES, NP; SHEILA WOODARD, MD; NWANNEM OBI-OKOYE, MD; KATHY COOK, RN; KEVIN WARD, RN,<br><br> Defendants. | Case No. CIV-16-1315-R |

## REPORT AND RECOMMENDATION

Keith Rone (Plaintiff), a federal prisoner appearing pro se, filed this action seeking $1,000,000,000.00 in monetary relief for the Defendants' alleged negligent and willful failure to provide him with a total hip replacement. Doc.

1.[1] United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3.

Ultimately, *see* Docs. 4, 5, 6, Plaintiff submitted a properly supported motion seeking leave to proceed in forma pauperis. Doc. 7. On December 22, 2016, the undersigned entered an order consistent with 28 U.S.C. § 1915(b)(1), granting the motion and directing Plaintiff to pay an initial partial filing fee of $9.72 on or before January 11, 2017. Doc. 8, at 1. The undersigned specifically advised Plaintiff "that unless by the date specified . . . he has either (1) paid the initial partial filing fee, or (2) shown cause in writing for the failure to pay, this action will be subject to dismissal without prejudice to refiling, and no fees or costs will be imposed or collected." *Id.* at 1-2.

The docket report shows the order was mailed to the last address Plaintiff provided to the court—whether by affirmative notification or by return address[2]—and was returned to the court on January 9, 2017, bearing stamped notations, including "NOT AT EL RENO FEDERAL CORRECTIONAL INSTITUTION," "RETURN TO SENDER," and "UNABLE

---

[1]  This report cites court filings by their electronic case filing designation and pagination.

[2]  *See* Doc. 7, Att. 2, at 1.

TO FORWARD." Doc. 9, at 1. Under this Court's local rules (LCvR), the order is "deemed delivered." LCvR 5.4(a).[3]

It has now been over thirty days since the court's order was returned, undelivered. *See* Doc. 9. Plaintiff has simply stopped communicating with the court and has left the court with no ability to reach him.[4] Plaintiff's failure to comply with this Court's procedural rules, together with a court's right and responsibility to manage and control its case load, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2, 1162 (10th Cir. 2007) (noting the court applies Fed. R.

---

[3] LCvR5.4(a) prescribes that "[a]ll papers shall contain the . . . mailing address . . . of the . . . pro se litigant. If any of this information changes, the . . . pro se litigant must notify the court by filing the form provided by the clerk . . . . Papers sent by the court will be deemed delivered if sent to the last known address given to the court." The court's docket sheet establishes that on November 17, 2016, the Clerk of Court specifically notified Plaintiff of his obligation under LCvR5.4(a) to notify the court of any change of address.

[4] According to the January 9, 2017 docket entry, the office of the Clerk of Court undertook a Bureau of Prison (BOP) inmate search that "show[ed] new location as RRM Nashville (Residential Reentry Management) with no address for mail delivery." Doc. 9. The undersigned's review of the BOP website confirms that "[f]or security reasons the BOP does not release information about an inmate's designation to a RRC [the Residential Reentry Center where Plaintiff is housed and] do[es] not reveal the actual address of the RRC – just the RRM office responsible for the inmate." *See* https://www.bop.gov/about/facilities/residential_reentry_management_centers.jsp. And, while the RRM Nashville website advises "[h]ow to send staff mail," it does not include any procedure for delivering mail to an inmate at an RRC. *See* https://www.bop.gov/about/facilities/offices.jsp#rrm.

3

Civ. P. 41(b) to allow sua sponte dismissal for "failure to . . . comply with the rules of civil procedures or court's orders").

## Recommendation and Notice of Right to Object

For the stated reasons, the undersigned recommends the dismissal of Plaintiff's action under Fed. R. Civ. P. 41(b), without prejudice to refiling.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before March 6, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 14th day of February, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE